In re: ARIZONA BEVERAGE CO. PRODUCTS MARKETING AND SALES PRACTICES LITIGATION.

MDL No. 2026.

United States Judicial Panel on Multidistrict Litigation.

April 7, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Common defendants Hornell Brewing Co., Inc.; Ferolito, Vultaggio & Sons; and Arizona Beverage Co., LLC, have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of New Jersey. This litigation currently consists of three actions pending in that district, the Southern District of California, and the Southern District of Florida, respectively, as listed on Schedule A.

Plaintiffs in all three actions oppose centralization. If the Panel nevertheless orders centralization, plaintiffs in the California and Florida actions favor selection of the Southern District of Florida as transferee district, while plaintiff in the New Jersey action favors selection of the Southern District of California.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. The litigation currently involves are only three putative statewide class actions, none of which overlap. In addition, common legal issues do not predominate, as plaintiffs' claims are brought under the laws of their respective states. Undoubtedly, the actions share some factual questions as to whether defendants deceptively marketed their iced tea beverages as "100% Natural" or "All Natural," when those beverages contain high fructose corn syrup, but movants have failed to convince us that those questions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

## SCHEDULE A

MDL No. 2026 — IN RE: ARIZONA BEVERAGE CO. PRODUCTS MARKETING AND SALES PRACTICES LITIGATION

*Southern District of California*

    *Heidi Hitt v. Arizona Beverage Co., LLC, et al.,* C.A. No. 3:08–809

*Southern District of Florida*

    *Eric Covington v. Arizona Beverage Co., LLC, et al.,* C.A. No. 1:08–21894

*District of New Jersey*

    *Lauren Coyle v. Hornell Brewing Co., Inc., et al.,* C.A. No. 1:08–2797